UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-637 (JDB/GMH) |
| | ) |
| JOHN DOE | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference. For the reasons herein stated, the motion is granted.

## BACKGROUND

Plaintiff Malibu Media, LLC, produced and owns the copyrights to certain motion pictures involved in this action. Compl. [Dkt. 1] ¶ 3. Plaintiff has filed suit under the Copyright Act of 1976 against Defendant John Doe, alleging that Defendant "downloaded, copied and distributed" Plaintiff's works using the BitTorrent file-sharing network. Id. ¶¶ 18–24.[1] Plaintiff seeks statutory damages and declaratory and injunctive relief prohibiting further infringement of its copyrighted works. Id. at 6.

Though Plaintiff has identified Defendant's IP address and Internet Service Provider ("ISP"), Defendant's identity remains unknown. Id. ¶¶ 8–9. For this reason, Plaintiff seeks leave to serve a third party subpoena on Defendant's ISP – Comcast Communications, LLC –

---

[1] BitTorrent is "one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files." Compl. ¶ 11.

that would require the ISP to identify Defendant. Because Defendant has not been named or served, no response has been filed to Plaintiff's motion.

## LEGAL STANDARDS

Ordinarily, a party "may not seek discovery from any source" before a Rule 26(f) conference unless "authorized by . . . a court order." Fed. R. Civ. P. 26(d)(1). "To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard." Malibu Media, LLC v. Doe, Civ. No. 14-1322, 2014 WL 3973480, at *1 (D.D.C. Aug. 15, 2014). A plaintiff seeking the discovery of the identities of unknown defendants "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant," i.e., that the putative defendant is either a District of Columbia resident or the alleged injury occurred within the District of Columbia. See AF Holdings, LLC v. Does, 752 F.3d 990, 995 (D.C. Cir. 2014); Malibu Media, LLC v. Doe, Civ. No. 15-986, 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015).

## DISCUSSION

Plaintiff has demonstrated that good cause exists to take discovery prior to the Rule 26(f) conference. As a preliminary matter, discovery is necessary because this suit cannot progress without first identifying Defendant so Plaintiff can effect service. See Arista Records, LLC v. Does, 551 F. Supp. 2d 1, 6 (D.D.C. 2008). Second, Plaintiff has established a good faith basis for believing that the putative Defendant is a District of Columbia resident. Using "proven IP address geolocation technology which has consistently worked in similar cases," Plaintiff determined that "Defendant's acts of copyright infringement occurred using an [IP address] traced to a physical address located within" the District of Columbia. Compl. ¶¶ 5–6. This use of geolocation technology, which "enable[s] anyone to estimate the location of internet users

based on their IP addresses," suffices to "provide at least some basis for determining whether [Defendant] might live in the District of Columbia." See AF Holdings, 752 F.3d at 996; see also Nu Image, Inc. v. Does, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) ("[T]he Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia.") (emphasis in original); Malibu Media, 2015 WL 5173890, at *2 (same); West Coast Prod. Inc. v. Does, 280 F.R.D. 73, 75 (D.D.C. 2012) (same). The undersigned therefore finds that Plaintiff should be permitted to propound discovery on Defendant's ISP for the purpose of determining Defendant's identity.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has demonstrated that "good cause" exists to permit limited discovery prior to the Rule 26(f) conference. Accordingly, Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference is **GRANTED**. An appropriate order accompanies this Memorandum Opinion.[2]

Date: April 6, 2016

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

---

[2] This Memorandum Opinion merely allows Plaintiff to propound discovery requests earlier than usual. It does not, however, address whether the subpoena will survive a motion to quash, if raised by Defendant or the ISP. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 118–19 (2d Cir. 2010).